COWART, Judge,
dissenting:
I do not agree that section 39.01(1), Florida Statutes (1981), correctly defines “abandonment” in terms of the legal meaning of that concept necessary to support a constitutional judicial finding that a parent has abandoned, that is, has voluntarily and intentionally relinquished, all parental rights in and to a child. See the dissent in In the Interest of: K.A.F., a child, Marie Faatz v. State of Florida, Department of HRS, No. 81-1354 (Fla. 5th DCA December 8, 1983) [1983 FLW], particularly note 1. Accordingly, I certainly do not agree that parental rights (as distinguished from custody) are subject to forfeiture because the parent has, in the opinion of a government agency and a judge, neglected or abused the child. § 39.41(l)(f)l.a., Fla.Stat. (1981). Nor do I agree that, when they are perceived to be in conflict, the courts can balance parental rights against the child’s best interests' or welfare and, when it is deemed to be in the child’s best interests, permanently terminate all of the natural parent’s rights and let HRS find the child parents who, in the opinion of HRS, possess better parental qualifications than did the natural parents.